**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JULIAN MOORE,**

**Plaintiff,**

-vs-                                                            **Case No.  6:07-cv-1557-Orl-31GJK**

**FEDERATED RETAIL HOLDINGS, INC.,**
**d/b/a Lord & Taylor #117,**

**Defendant.**

_____

# ORDER

This matter comes before the Court on Defendant's Motion to Dismiss the Amended

Complaint (Doc. 22) and Plaintiff's Response thereto (Doc. 23).[1] Plaintiff Julian Moore ("Moore")

brings this action alleging that on October 9, 2005, Defendant's employee, Martin Michalski,

wrongfully directed security to detain Moore on suspicion of shoplifting.

**I. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most

favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its

consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also*

*GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally

construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,

_____

[1]Plaintiff's Response was filed almost a week after it was due, however, in the interest of
judicial efficiency, this Court will consider it.

421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

## II. Legal Analysis

Plaintiff's Amended Complaint contains four counts. Plaintiff does not argue against the dismissal of Count IV, which alleges claims for constitutional violations under 42 U.S.C. § 1983. Defendant is correct that this Count is not meritorious because there is no allegation that

Defendant acted under the color of state law, as required by this statute. Therefore, Count IV will be dismissed with prejudice.[2]

Count I alleges a cause of action for "Negligent Training and Supervision". Defendant cites *Muzzio v. Auto Owners, Inc.*, 799 So. 2d 272 (Fla. 2d DCA 2001), for the proposition that Florida Law does not permit an action for negligent training or supervision. However, *Muzzio* does not stand for that proposition at all.[3] Instead, *Muzzio* merely held that, under the facts of that particular case, any damages suffered by Plaintiff due to negligent hiring of Defendant's employee, were duplicative of those recoverable under the automobile negligence theory. Therefore, Defendant's argument fails.

Defendant also argues that Count I should be dismissed because it does not meet the requirements of Florida's Impact Rule. "[T]he impact rule requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *R.J. v. Humana of Fla.*, 652 So. 2d 360, 362 (Fla. 1995)(internal quotation marks omitted). Plaintiff responds that Florida law does not require a physical impact when one's constitutional rights are violated. (Doc. 23). However, Plaintiff cites no law to support this bold assertion. Furthermore, Plaintiff has failed

---

[2]The dismissal of this Count deprives this Court of subject matter jurisdiction under 28 U.S.C. § 1331. However, the allegations of the Amended Complaint are sufficient to support diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[3]Interestingly, Plaintiff cites this case for the same proposition without challenging Defendant's incorrect characterization of its holding. Perhaps neither side bothered to actually read the case before citing it to this Court.

to show how Defendant's actions violated his constitutional rights. Therefore, Count I shall be dismissed.

Counts II and III allege false imprisonment and defamation, respectively. Defendant concedes that these counts are adequately pled, but argues that Plaintiff's prayer for punitive damages should be stricken. (Doc. 22 at 3). Defendant states that Plaintiff's claims for punitive damages do not comply with the substantive requirements of Fla. Stat. § 768.72 because Plaintiff fails to allege "the requisite inappropriate conduct of defendant's employee." (Doc. 22 at 11). However, Plaintiff's entitlement to punitive damages is a factual issue that need not be decided at this stage of the litigation. Therefore, this Court will not strike Plaintiff's requests for punitive damages.

**III. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is **GRANTED** in part and **DENIED** in part. Count IV is **DISMISSED** with prejudice and Count I is **DISMISSED** without prejudice. Plaintiff shall have leave to file a second amended complaint within 10 days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 29, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party